IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE PRODUCTION CENTER, INC., and WORLD WIDE DIGITAL ENTERTAINMENT, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> EATSLEEPMUSIC CORPORATION, a Canadian corporation d/b/a as Singsnap.com, d/b/a Audiodreams.com, d/b/a Mycdg.com, d/b/a Koolkaraoke.com, d/b/a Streamkaraoke.com, d/b/a Koolkaraokestudio.com, d/b/a Coolkaraoke.com, (and Third-Party Plaintiff), Trevor McGuire, and Ralph Moxness, <br><br> Defendants. <br><br> v. <br><br> John Norbert Stovall, <br><br> Third-Party Defendant. | Civil No. 3:09-0159 <br> Judge Trauger |

## MEMORANDUM and ORDER

Defendant Eatsleepmusic Corporation has filed a Motion to Stay Litigation Pending The Canadian Court's Determination of The Parties' Rights Pursuant to a License Agreement (Docket No. 40), to which the plaintiffs have responded in opposition (Docket No. 47). Defendant Eatsleepmusic ("ESM") asks that the court stay this action in favor of an action filed by it in the Ontario Superior Court of Justice in Canada.

This case was filed by the plaintiffs on February 13, 2009, alleging violations of federal copyright and trademark laws and unfair and deceptive acts or practices under the Tennessee

1

Consumer Protection Act. (Docket No. 1) Defendant ESM was not served with process until sometime between June 30, 2009 and July 14, 2009 (s*ee* Docket Nos. 20, 22), and defendants Trevor McGuire and Ralph Moxness have not yet been served. On July 27, 2009, the plaintiffs filed an Amended Complaint, adding claims of defamation and false light to the claims asserted in the original Complaint. (Docket No. 36) On July 30, 2009, ESM filed its action in the Ontario Superior Court of Justice (Docket No. 41-5) against the plaintiffs herein, plus Norbert and Debi Stovall, "the principals and controlling minds of the corporate defendants" (*Id.* at 5). All defendants in the Canadian action have been served. On August 12, 2009, defendant ESM filed in this action its Answer and Counterclaim against the plaintiffs, and, on August 17, 2009, this court held an initial case management conference that did not include counsel for Trevor McGuire and Ralph Moxness, in that they have yet to be served. Deadlines and a trial date were set, contingent upon the denial of the instant motion to stay this case.

## **Analysis**

Both parties agree that the *Colorado River* abstention analysis applies, even though the allegedly parallel action has been filed in a foreign court. Abstention should be ordered when "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation' dictate that action." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). First, the court must determine "if the two proceedings are substantially similar." *Romine v. CompuServe Corp.*, 160 F.3d 337, 340 (6th Cir. 1998). Then, the court must carefully balance the "important factors" of a list of eight, "as they apply in a given case." *Romine*, 160 F.3d at 341.

2

Here, all of the important factors weigh in favor of abstention. Whether the defendants have violated federal copyright and trademark law or the Tennessee Consumer Protection Act turns on an interpretation of the Distribution/License Agreement entered into originally between ESM and Tennessee Production Center, Inc. ("TPC"), a plaintiff herein,[1] in February of 2002. (Docket No. 41-1) Whether this agreement was breached and/or renewed, and, if so, for what term, all must be determined under Canadian law by a court sitting without a jury. The agreement so provides, and plaintiff TPC consented in the agreement to the jurisdiction of the courts of the Province of Ontario, Canada for the resolution of disputes under the agreement. (*Id.* at 15-16) All of the claims raised in the original Complaint (Docket No.1) have no merit if, under Canadian law, ESM retained its rights under the license agreement until 2009 or 2010, as alleged. Even the lately-conceived causes of action for defamation and false light turn on whether or not ESM had valid rights under the agreement when the alleged statements were made.

This situation is somewhat analogous to certifying a question to a state supreme court. The parties agreed that Canadian law would control the interpretation of their agreement. The plaintiffs' causes of action will rise, fall, or be informed by the interpretation of the rights between the parties under Canadian law, with which this court is not familiar.

All of the proper parties are before the Canadian court, and both cases are in the early stages. The Canadian court has not been requested to cede jurisdiction to this court and, given the contract provision, probably what would not do so, even if asked. Therefore, if this court

---

[1] World Wide Digital Entertainment, LLC, the other plaintiff herein, bought certain relevant sound recordings from TPS in April 1, 2008. (Docket No. 1 at 4)

3

does not stay this case, it is inevitable that the parties will be litigating substantially the same issues in two fora at the same time. Any determination this court would make of the rights between the parties under Canadian law could be second-guessed by the parties or the Canadian court and, therefore, would be less likely to lead to a prompt resolution of the pending issues. Settlement is more likely to follow, once the licensing rights are definitely determined under Canadian law.

Once the parties' rights under the agreement are determined by the Canadian court, this court will either move forward on all of the federal and state causes of action alleged by the plaintiffs, as framed by the interpretation of the rights between the parties under Canadian law, or determine whatever remains of these various causes of action, should the Canadian court determine that there was an "automatic" or other renewal of the licenses under the agreement that was not effected by any breach. The remaining causes of action, if not dismissed on dispositive motion, will be tried to a jury.

For all these reasons, it is hereby **ORDERED** that defendant ESM's Motion to Stay (Docket No. 40) is **GRANTED**. This file will be **ADMINISTRATIVELY CLOSED**, pending a motion to reopen by any party. The trial and pretrial conference set by Order entered August 18, 2009 (Docket No. 45) will be removed from the court's calendar.

It is so **ORDERED**.

ENTER this 1st day of September 2009.

_____  
ALETA A. TRAUGER  
U.S. District Judge